**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ISAIAH WILKINS ET AL., | Civil Action No. 1:22-cv-01272 |
| Plaintiffs, | |
| v. | |
| LLOYD AUSTIN III, ET AL., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF COE'S AND PLAINTIFF NOE'S
MOTION TO PROCEED UNDER PSEUDONYMS
AND FOR ALL IDENTIFYING INFORMATION OF PLAINTIFFS COE AND NOE
TO BE REDACTED FROM DOCUMENTS FILED IN THE PUBLIC RECORD**

Plaintiffs Carol Coe and Natalie Noe are civilians who want to enlist in the military. They are also individuals living with HIV. Plaintiffs are challenging the Department of Defense's policy not to enlist Coe and Noe because of their HIV status. This litigation therefore concerns information of an extremely personal and highly sensitive nature. Identifying Plaintiffs Coe and Noe in the public record as individuals living with HIV also exposes them to a risk of significant harm. Additionally, Plaintiffs Coe and Noe are willing to disclose their identities to Defendants, so Defendants will not be prejudiced in defending against Plaintiffs' claims. And because the government does not have a reciprocal interest regarding reputational harm, there is little risk of unfairness to Defendants by allowing Plaintiffs Coe and Noe to proceed anonymously. Accordingly, Plaintiffs Coe and Noe should be allowed to proceed under pseudonyms in this matter.

1

I.    **The *Jacobson* factors weigh in favor of permitting Plaintiffs to proceed under pseudonyms.**

Although there is a "presumption of openness in judicial proceedings that generally requires disclosure of the identities of the parties to litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012), courts have the discretion to allow parties to proceed under pseudonyms. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In deciding whether to permit a party to proceed under pseudonym, courts generally consider five factors: (1) "whether the justification asserted … is to preserve privacy in a matter of sensitive and highly personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party," (3) "the ages of the persons whose privacy interests are sought to be protected," (4) "whether the action is against a governmental or private party," and (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.*; *see also Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592–93 (E.D. Va. 2016) (quoting *Jacobson*, 6 F.3d at 238). Not every factor will be relevant in every case. *See Jacobson*, 6 F.3d at 238 (discussing the factors "that have relevance to this case," implying that not all factors will be relevant in every case); *see also Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2012) (stating that the enumerated factors from *Jacobson* are not relevant in every case). Here, the relevant factors weigh in favor of permitting Plaintiffs to proceed under pseudonyms.

1.    **The litigation concerns information of a sensitive and highly personal nature.**

First, courts consider "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature." *Jacobson*, 6 F.3d at 238. With this factor, a court is concerned with preventing the disclosure of information that "can invite harassment and

ridicule." *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593-94 (allowing a

plaintiff to proceed by pseudonym because of the "significant social stigma" associated with his

conduct). The "personal intimate information justifying anonymity for litigating parties have

typically involved such intimate personal matters as birth control, abortion, [and]

homosexuality." *Candidate No. 452207*, 42 F. Supp. 2d at 808–09 (quoting *Doe v. Merten*, 219

F.R.D. 387, 392 (E.D. Va. 2004)).

This Court has already recognized that an HIV-positive diagnosis is personal intimate

information, that plaintiffs living with HIV suffer from significant social stigma, and that they

therefore have "a substantial privacy interest in being protected from the general public

knowing." *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (allowing plaintiff to

proceed under pseudonym to prevent the public from discovering that her husband was living

with HIV). Such plaintiffs should be permitted to proceed under pseudonym because public

disclosure of their identity "could subject them to public vilification." *Id.*; *accord* Order Granting

Mot. to Proceed Under Pseudonyms, *Roe v. Dep't of Defense*, No. 18-cv-01565 (E.D. Va. Dec.

21, 2018), ECF No.23 (motion by servicemembers living with HIV to proceed anonymously

found to be "well made" and thus granted).

"[C]ourts have frequently found that the social stigma … associated with an HIV-positive

diagnosis is a factor which strongly weighs in favor of allowing a litigant to proceed under a

pseudonym." *Jones v. OSS Orthopaedic Hosp.*, No. 1:16- cv-1258, 2016 WL 3683422, at *2

(M.D. Pa. July 12, 2016) (allowing plaintiff living with HIV to proceed under a pseudonym);

*Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *2 (E.D. La. Dec. 11, 2014)

(same); *S.G. v. Mears Transp. Grp.*, No. 14-917, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12,

2014) (granting a motion to proceed under pseudonym because "Plaintiff's HIV-related privacy

interests outweigh the need for disclosure"); *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (allowing a plaintiff to proceed anonymously because "HIV-positive plaintiffs are in a highly sensitive position"); *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (allowing plaintiff to proceed under pseudonym because plaintiff's HIV status is a "personal matter of the utmost intimacy").

Although great progress has been made in the treatment and prevention of HIV, such that those living with HIV can live normal lives,[1] the social stigma associated with an HIV-positive diagnosis remains. As recently as 2012, in a national survey of young people aged fifteen to twenty-four, one-third said that there is "a lot" of stigma around HIV/AIDS in the U.S., and 51% percent said that there is at least "some" stigma.[2] When pressed on their own personal feelings, 42% said they would not be comfortable having a close friend who is HIV positive; 46% said they would not be comfortable working with someone who is HIV positive; 62% percent said they would not be comfortable having a roommate who is HIV positive; and 68% percent said they would not be comfortable having food prepared by someone who is HIV positive.[3] Given the significant social stigma still associated with HIV, Plaintiffs in this case clearly have a substantial privacy interest and should, based on this factor alone, be permitted to proceed under pseudonyms.

### 2.   Identification of Plaintiffs poses a risk of retaliatory physical or mental harm.

Courts also consider whether identification of a plaintiff poses a risk of retaliatory physical or mental harm. *Jacobson,* 6 F.3d at 238. Courts have recognized that psychological

---

[1] *See* Ctrs. for Disease Control & Prevention, *HIV Treatment as Prevention*, (last updated July 21, 2022)  www.cdc.gov/hiv/risk/art/.
[2] Kaiser Family Found., *National Survey of Teens and Young Adults on HIV/AIDS* 2 (2012), https://kaiserfamilyfoundation.files.wordpress.com/2013/01/8386-f.pdf.
[3] *Id.*

harm can stem from the widespread disclosure of sensitive information, especially "in today's Internet age," where such information may be "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). If Plaintiffs Coe and Noe are forced to reveal their identities to proceed with this litigation, a quick internet search will forever reveal their status as individuals living with HIV. Thus, Plaintiffs may be permanently and indefinitely subjected to the stigma associated with HIV-positive status, including harassment and alienation from unsupportive peers, potential employers,[4] colleagues at work, and the public at large. Such long-lasting and inescapable stigma—and potential discrimination—certainly poses a risk of psychological harm and, in some instances, physical harm. Accordingly, this factor weighs in favor of Plaintiffs' being permitted to proceed under pseudonyms.

### 3.    The action is against governmental parties.

In general, courts "are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Merten*, 219 F.R.D. at 394. Although an action against a private party poses a risk of damage to the defendant's reputation and well-being, challenging "government activity generally involves no injury to the Government's reputation." *Id.* Thus, although there is, as a matter of fairness, a strong interest in open judicial

---

[4] For people seeking to keep their HIV status confidential, the Americans with Disabilities Act provides protections against a prospective future employer learning of their HIV status. "An employer may not ask a job applicant disability-related questions or questions likely to solicit information about a disability or ask an applicant to submit to a medical examination before an offer is made." U.S. Dep't of Just., C.R. Div., *Questions and Answers: The Americans with Disabilities Act and Persons with HIV/AIDS* (last updated Feb. 25, 2020), https://www.ada.gov/hiv/ada_qa_hiv.htm. It would be unjust to deny this Motion and have the price for challenging the military's HIV discrimination be exposure to HIV discrimination by future employers.

proceedings where a plaintiff is suing a private defendant, there is no such interest where the defendant is the government. *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[T]he government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."). Here, Plaintiffs are challenging government regulations and decisions. This factor, therefore, weighs in favor of allowing Plaintiffs to proceed under pseudonyms.

> **4.    There is no risk of unfairness to Defendants.**

Allowing a plaintiff to proceed under a pseudonym creates a risk of unfairness to the defendant when doing so would affect the defendant's ability to defend against the plaintiff's allegations. *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 594 (finding that there was no unfairness to defendants because they "failed to show convincingly any prejudice to their ability to defend themselves"). But where a plaintiff's identity is known to the defendant, and the motion to proceed pseudonymously is made for the purpose of concealing the plaintiff's identity only from the *public*, "there is little risk of unfairness" to the defendant. *Roe v. Doe*, 319 F. Supp. 3d 422, 430 (D.D.C. 2018). Many other courts have cited the defendant's knowledge of the plaintiff's identity in granting motions to proceed anonymously. *Doe v. Va. Polytechnic Inst. & State Univ.*, 2018 WL 5929647, at *4 (W.D. Va. Nov. 13, 2018); *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016); *Spoa,* 2013 WL 5634337, at *3.

Here, Plaintiffs Coe and Noe will reveal their true names to Defendants—they merely request to proceed under pseudonym in public filings, so Defendants will not be prejudiced in defending against Plaintiffs' claims. Thus, concealing Plaintiffs' identities from the public does not cause any unfairness to the defendants in this suit. *See, e.g.*, *Doe v. New Ritz, Inc.*, 2016 WL 454940, at *2 (D. Md. Feb. 5, 2016) (allowing plaintiff to proceed under pseudonym in any public document submitted to the court but requiring plaintiff to reveal her true name to

defendants so that they could fully investigate her claims). Accordingly, this factor also weighs in favor of allowing Plaintiffs Coe and Noe to proceed under pseudonyms.

> **5.    Plaintiffs' ages do not weigh against allowing them to proceed under pseudonym.**

Courts generally take a plaintiff's age into consideration when a minor plaintiff is requesting anonymity and grant anonymity to prevent a violation of the privacy rights of children. *Candidate No. 452207*, 42 F. Supp. 3d at 809. But a plaintiff's status as a legal adult, while not weighing in favor of granting anonymity, also does not weigh *against* it. Although adults may not have a blanket privacy right, they may nevertheless have a privacy right in specific circumstances due to the sensitive and personal nature of the subject matter of the litigation, or the risk of stigmatization, harassment, or harm. That is the case here, as discussed above. Plaintiffs' ages are not relevant to this determination.

> **6.    The public's interest in open judicial proceedings does not outweigh any of these considerations.**

Finally, the Fourth Circuit has made clear that in evaluating the *Jacobson* factors, the court must give "explicit consideration to the public's interest in open judicial proceedings." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Here, although the public may have a general interest in litigation against the United States Department of Defense and its military departments, the public does *not* have a strong interest in the *identities* of the particular plaintiffs. The resolution of the constitutional and legal issues in this case—whether Defendants violate the Equal Protection provisions of the United States Constitution or the Administrative Procedure Act by refusing to enlist physically and medically capable individuals living with HIV—will be open to the public. Court orders and opinions regarding the merits of this case will be available for public inspection. Therefore, the public's interest in the openness of judicial proceedings will not be harmed by allowing Plaintiffs to proceed under pseudonym. All Plaintiffs Coe and Noe

ask of this Court is that they not be subjected to the social stigma, harassment, and alienation that often accompanies living openly and publicly as a person living with HIV.

## II.    Conclusion

For these reasons, Plaintiffs Coe and Noe respectfully request that this Court grant their Motion to Proceed Under Pseudonyms and for All Identifying Information of Plaintiffs Coe and Noe to Be Redacted From Documents Filed in the Public Record.


Dated: Nov. 10, 2022                              Respectfully submitted,

Kara N. Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E. Wacker Pl., Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Shelly L. Skeen*
SSkeen@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
3500 Oak Lawn Ave., Unit 500
Dallas, TX 75219
T: (219) 219-8585

Gregory R. Nevins*
GNevins@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030
T: (404) 897-1880

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT A. SCHOETTES, ESQ.
14500 Round Valley Dr.
Sherman Oaks, CA 91403
T: (773) 474-9250

/s/ *Amandeep S. Sidhu*
Amandeep S. Sidhu
(Virginia Bar No. 71450)
ASidhu@winston.com
Robert T. Vlasis, III*
RVlasis@winston.com
Lauren Gailey*
LGailey@winston.com
WINSTON & STRAWN LLP
1700 K St., NW
Washington, DC 20006
T: (202) 282-5000

Bryce Cooper*
BCooper@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600

David A. Bujarski*
DBujarski@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
T: (713) 651-2600

Peter E. Perkowski*
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

*Attorneys for Plaintiffs*

**Pro hac vice* applications forthcoming