**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ISAIAH WILKINS, ET AL.,

          PLAINTIFFS,

   v.

LLOYD J. AUSTIN, ET AL.,

          DEFENDANTS.

CIVIL ACTION NO. 1:22-cv-01272

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO INCORPORATE**
**INTO THIS ACTION THE ENTIRE RECORDS OF THE PRIOR RELATED CASES**

## I.    Introduction

Defendants' arguments in opposition to Plaintiffs' Motion to Incorporate do not prevent

the Court from taking the steps necessary to streamline this case and avoid duplicative

presentations of evidence, argument, and analysis on Plaintiffs' pending summary judgment

motion. As a matter of law, the Court has already held that the non-cost justifications that

Defendants are reasserting here did not provide a rational basis for a categorical bar of service

members living with HIV ("SMLWH") from the full breadth of military service. *Harrison v.

Austin*, 597 F. Supp. 3d 884, 891 (E.D. Va. 2022), *appeal dismissed sub nom. Roe v. U.S. Dep't of

Def.*, No. 22-1626, 2022 WL 17423458 (4th Cir. July 11, 2022). Defendants abandoned their

appeal of that decision but now apparently want to relitigate the findings of fact and conclusions

of law that underpin it, potentially to secure a new opportunity to appeal aspects of that ruling.

But Defendants have merely identified purported procedural problems with the Court's reliance

on its previous rulings, none of which should prevent this Court from proceeding as it planned.

To ensure the Court has the necessary tools to advance the goal of judicial economy—and

to moot Defendants' objections—Plaintiffs have simultaneously filed a motion for leave to

1

amend their statement of undisputed facts to include the record evidence from the *Harrison* and *Roe* cases supporting the facts related to Defendants' reasserted non-cost justifications.[1] In addition, for the reasons stated in Plaintiffs' opening brief on this motion and below, the Court may reject Defendants' attempts to force reconsideration of these settled questions even without the amended statement of undisputed facts that Plaintiffs are proposing.

## II.    Argument

None of Defendants' arguments in opposing Plaintiffs' motion prevents the Court from incorporating the complete case records from *Harrison* and *Roe* and using their contents to resolve the questions and issues that were already litigated and resolved favorably for the plaintiffs (in all three cases) prior to final judgment.

*First*, the Court can rely on the findings it made and conclusions it reached in *Harrison* and *Roe* as persuasive authority on summary judgment here. Defendants attempt to distinguish *Home Depot USA, Inc. v. Lafarge North America, Inc.* 59 F.4th 55 (3d Cir. 2023), because it concerned multidistrict litigation is as unconvincing as it is incorrect. Defs.' Opp'n at 5. They cite no rule or authority for the apparent proposition that only a court involved with multidistrict litigation "may rely on its prior decisions as persuasive, and demand good reasons to change its mind." *Home Depot*, 59 F.4th at 65–66.

Certainly, *Home Depot* recognized that respecting principles of finality, judicial economy, and fairness to litigants was something that applies to courts facing all types of litigation. The

---

[1] Plaintiffs are filing the motion for leave to amend their statement of undisputed facts simultaneously with this reply to maintain the hearing date on their summary judgment motion. The Court can always "give [Plaintiffs] an opportunity to properly support or address [a] fact" by permitting amendment of their statement of undisputed facts, even without a motion, under Federal Rule of Civil Procedure 56(e)(1). *See, e.g.*, *Sodexo Operations, LLC v. Columbus Cnty. Bd. of Educ.*, 2013 WL 461808, at *3 (E.D.N.C. Feb. 6, 2013), *report and recommendation adopted*, 2013 WL 655005 (E.D.N.C. Feb. 21, 2013).

court noted that other courts may apply prior rulings to subsequent cases—especially where no

new evidence is presented:

> In MDLs, *like in other litigation*, a district court may apply prior rulings to new cases if a party presents no new facts, evidence, or arguments to warrant a departure. For example, suppose that in this case Dr. Kneuper had previously been offered as an expert in the class action, and suppose that the Court had excluded his testimony for permissible reasons. It would be appropriate for it to adhere to that decision in Home Depot's case if Home Depot could not present a sufficient reason why it should not be followed.

*Id.* at 66 n.6 (emphasis added). Contradicted by the language of the decision itself, Defendants'

attempt to limit or distinguish *Home Depot* fails.

And following the process set forth in *Home Depot* is not, as Defendants suggest,

equivalent to collateral estoppel of the federal government. Plaintiffs have not asked the Court to

"foreclose[] the relitigation of issues of fact or law" because the issues "are identical to issues

which have been actually determined and necessarily decided in prior litigation in which the

party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *In*

*re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (defining the elements of

collateral estoppel in the Fourth Circuit). While those elements have all been met, the doctrine

does not apply to the federal government. But the *Home Depot* process is not collateral estoppel

and forecloses nothing. The Third Circuit expressly stated that "the Court may only apply its

prior reasoning" *after* it allows the opposing party to (1) put forth new legal theories, (2) raise

new arguments based on newly developed or preexisting evidence, and (3) present arguments

that prior rulings should not be followed. *Home Depot*, 59 F.4th at 64. Here, Defendants have

raised new arguments (though not based on newly developed evidence) attempting to distinguish

the circumstances of recruits living with HIV from those of SMLWH and vociferously argue that

the prior rulings should not be followed. Plaintiffs have countered those arguments, and the

9

Court will no doubt consider Defendants' arguments that are not duplicative of their arguments in *Roe* and *Harrison*, as well as Plaintiffs' counterarguments, before ruling on the parties' respective motions for summary judgment. Defendants have not been "foreclosed" from presenting an argument due to collateral estoppel.

The prosecution of this case by different plaintiffs does not distinguish the holding in *Home Depot*, because *Home Depot* also involved parties that were not parties in the earlier litigation; otherwise, there would have been no reason for the court to address the issue. And the fact that Plaintiffs are not directly challenging the deployment regulations in this case is inconsequential. Plaintiffs *are* challenging the surviving portions of the accessions regulation at issue in *Harrison*—and the primary justification offered for the accessions bar was the purported inability of people living with HIV to deploy. And the very fact that Defendants attempt (but fail) to identify ways in which the deployment of new recruits presents issues not already addressed by the Court on summary judgment in *Roe/Harrison* demonstrates that Defendants *are* being afforded the opportunities for additional legal argument required by *Home Depot*.[2] But there have been no new developments in the science of HIV that negatively impact this Court's or the

___

[2] An alternative and potentially cleaner method for moving past the issues that were settled in *Harrison* and *Roe* is to focus on the revised deployment policies as the new baseline from which an equal protection analysis should be conducted. By voluntarily dismissing the appeal in those cases and issuing the memo to change the policies regarding the deployment of SMLWH, the DoD (finally) admitted that "in view of significant advances in the diagnosis, treatment, and prevention of Human Immunodeficiency Virus (HIV), it is necessary to update DoD policy with respect to individuals who have been identified as HIV-positive." *See* ECF No. 61-17, at 2. The revised policy that allows for the deployment of asymptomatic HIV-positive service members with an undetectable viral load undermines—if not entirely defeats—all the purported justifications for the accessions bar except the cost of healthcare for new HIV-positive service members. In other words, the Court does not need to employ the "law of the case" here, because Defendants have already acknowledged that the purported justifications for the HIV-based restrictions were no longer rational or valid when they changed the policies and regulations to allow current service members living with HIV to deploy and commission.

Fourth Circuit's previous rulings resolving these questions. Indeed, Defendants have not presented any evidence related to risks associated with infection, viral rebound, blood transfusions, combat medical care, explosive injuries, or side effects and comorbidities for SMLWH beyond that which this Court has already considered. Defs.' Summ. J. Mem. at 23–32. They merely argue that this evidence should be assessed differently for new recruits. Though it fails, their ability to make this argument is entirely consistent with *Home Depot*.

*Second*, the Court need not take judicial notice of the truth of the facts recited in the pleadings, orders, and other documents in the *Harrison* and *Roe* case files. Rather, the Court need only take judicial notice that if certain arguments were made, and certain evidence was considered, then—as Defendants concede—the Court can rely on its prior rulings as persuasive authority to resolve those disputes the same way. Defendants' attempt to distinguish *U.S. Fidelity & Guaranty Co. v. Lawerson*, 334 F.2d 464 (4th Cir. 1964), and *Owens v. Smith*, 1995 U.S. App. LEXIS 9777 (4th Cir. Apr. 24, 1995) by arguing that "they arose from the same event" fails. This case *is* related to *Harrison* and *Roe* in the same way *Fidelity* and *Owens* were related to their companion cases. Just as the events in *Fidelity* (the bank robbery) and in *Owens* (the prison uprising) were the same in their respective companion cases, the core facts regarding HIV in *Harrison* and *Roe* are the same facts upon which Plaintiffs rely here. Defendants have not refuted the proposition for which *Fidelity* and *Owens* stand: that upon considerations of efficiency and justice, the Fourth Circuit has held that it is appropriate for courts to take judicial notice of their own records where the prior case is brought into the pleadings, or where the two cases represent related litigation. *See Fidelity*, 334 F.2d at 467.[3]

---

[3] The Court could also, *sua sponte*, consolidate this case with *Harrison* and *Roe*, if necessary. Although rare, "[c]onsolidating an active case with one in which final judgment has been entered is permissible." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 452–53 (D.N.M. 2018).

*Third*, the Court may also admit the evidence from prior cases if it deems it necessary to do so. Defendants' argument that this evidence is not entirely relevant and admissible is unconvincing. For one thing, Defendants argue the same (alleged) facts about the current state of HIV medical science here as they did in *Harrison* and *Roe*: risks associated with infection and potential transmission, viral rebound, blood transfusions, combat medical care, explosive injuries, side effects, and comorbidities. For another, Defendants assert some of the same barriers to accession that they did to deployment—namely, financial considerations and "foreign relations." Defendants use the *same witnesses*, whose declarations mimic the ones they submitted on summary judgment in *Harrison* and *Roe*, to make the same points. Apart from the costs of HIV-related care—the only area more developed here than in those prior cases—Defendants' evidence and arguments are nearly identical. It's no surprise that Defendants can't specify which evidence from the prior cases is irrelevant and inadmissible here. The differences they do identify—that this is a "different case, with different parties, about a different policy"—are no reason to refuse the request to incorporate.

Again, Defendants' effort to distinguish *Samsung Elecs Co. v. Rambus, Inc.*, 439 F. Supp. 2d 524 (E.D. Va. 2006), fails, as that court's reasoning would apply here as well. Although *Samsung* related to a spoliation issue that had already been resolved in other litigation, the court incorporated "the entire record of the unclean hands trial" to "assure the just, speedy and inexpensive determination of the exceptional case aspect of this action[.]" *Id.* at 537. The court found "there was no conceivable or articulated basis for the objection" because the defendant "was a litigant in both cases," just as the government is here. *Id.* Despite their loud complaints, Defendants are not collaterally estopped from making the same non-cost arguments they made in *Harrison* and *Roe*. But, as explained in Plaintiffs' summary judgment briefing, the Court may

9

and should rely on the same evidence and counterarguments in rejecting those purported justifications.

In light of the above, nothing prevents the Court from summarily disposing of all the purported justifications other than the costs of HIV-related healthcare based primarily on its previous rulings, even though the doctrines of collateral estoppel and law of the case are not available. Defendants' remaining argument is a technical one concerning the moving party's burden of production on summary judgment. But that issue may be resolved with leave of the Court and some additional work on the part of Plaintiffs' counsel: if the Court believes that Plaintiffs have "fail[ed] to properly support an assertion of fact," then the Court may "give [Plaintiffs] an opportunity to properly support … the fact[.]" Fed. R. Civ. P. 56(e)(1). The Court may order this *sua sponte*, but to smooth the process, Plaintiffs have revised their statement of undisputed facts to include the necessary evidence to meet their burden of production on these issues and are contemporaneously filing a motion for leave to amend. Plaintiffs respectfully ask the Court to grant that motion.

## III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Incorporate Into This Action the Entire Record of the Prior Related Cases.

Dated: August 2, 2023

Kara N. Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Gregory R. Nevins*
GNevins@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030
T: (404) 897-1880

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT A. SCHOETTES, ESQ.
14500 Round Valley Dr.
Sherman Oaks, CA 91403
T: (773) 474-9250

Peter E. Perkowski*
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Respectfully submitted,

/s/*Amandeep S. Sidhu*
Amandeep S. Sidhu
ASidhu@winston.com
Robert T. Vlasis, III*
RVlasis@winston.com
Lauren Gailey*
LGailey@winston.com
Hannah Shankman*
hshankman@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100

David A. Bujarski*
DBujarski@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
T: (713) 651-2600

Bryce Cooper*
BCooper@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600

*Attorneys for Plaintiffs*
**Pro hac vice*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2023, I caused this document to be filed electronically through the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

DATED: August 2, 2023

Respectfully submitted,

/s/*Amandeep S. Sidhu*

Kara N. Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Gregory R. Nevins*
GNevins@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030
T: (404) 897-1880

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT A. SCHOETTES, ESQ.
14500 Round Valley Dr.
Sherman Oaks, CA 91403
T: (773) 474-9250

Peter E. Perkowski*
peter@perkowskilegal.com
Perkowski Legal, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Amandeep S. Sidhu
ASidhu@winston.com
Robert T. Vlasis, III*
RVlasis@winston.com
Lauren Gailey*
LGailey@winston.com
Hannah Shankman*
HShankman@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000

Bryce Cooper*
BCooper@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600

David Bujarski*
DBujarski@winson.com
WINSTON & STRAWN LLP
800 Capitol St. Ste. 2400
Houston, TX 77002
T: (713) 651-2787

*Attorneys for Plaintiffs*
*\*Pro hac vice*

9