IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ISAIAH WILKINS, ET AL.,

       PLAINTIFFS,

v.

LLOYD J. AUSTIN, ET AL.,

       DEFENDANTS.

CIVIL ACTION NO. 1:22-cv-01272 (LMB/IDD)

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
STATEMENT OF UNDISPUTED FACTS

INTRODUCTION

Despite Defendants' protests (Opp. (ECF 102) at 7), Plaintiffs have never attempted to use collateral estoppel to prevent Defendants from arguing that the bar to the enlistment and commissioning of civilians living with HIV is supported by the same justifications this Court previously rejected in *Harrison* and *Roe*. Because, however, the facts regarding HIV and those purported justifications have not changed—and Defendants therefore have not presented anything new on that front—Plaintiffs have reasonably relied on the Court's summary judgment opinion in treating those previously decided issues as settled. *See* Mot. To Amend (ECF 94) at 1–2.

Plaintiffs have proposed three procedural paths by which the Court can remake the determinations it made in *Harrison/Roe* and reject once again the justifications Defendants are recycling here. *First*, the Court could note Defendants' failure to demonstrate any change in circumstances and rely on its previous determinations to reach the same conclusions. ECF 78 at 4–5. *Second*, the Court could take judicial notice of the records in *Harrison/Roe* and base its redetermination of these issues on the evidence included in those records. *Id.* at 6–9. *Third*, the

Court could grant Plaintiffs' motion to amend the statement of undisputed facts to include citations to the same evidence it relied on to arrive at the conclusions it previously reached in *Harrison/Roe*. ECF 94 at 3–4. Because this final option is squarely within the power of this Court and can be accomplished with no prejudice to Defendants, it would be a prudent and efficient way to moot the procedural issues Defendants have raised and refocus the litigation on the sole justification for the accessions bar that remains to be adjudicated.

## ARGUMENT

**I.    This Court has the authority to allow Plaintiffs to amend their statement of undisputed facts, ensuring that this case is litigated efficiently and fairly.**

The authority of this Court to grant the requested relief is set forth in Rule 56(e) of the Federal Rules of Civil Procedure, which states that if a fact on summary judgment has not been adequately supported, the court may "give an opportunity to properly support or address the fact." *Id.* Contrary to Defendants' suggestion (Opp. 3–4), the rule does not specify or limit the form that this "opportunity" must take. Fed. R. Civ. P. 56(e)(1). Instead, the rule gives a court the flexibility to address the situation in a way that fits the needs of the case—including the open-ended option to "issue any other appropriate order" it sees fit. Fed. R. Civ. P. 56(e)(1)–(4) (listing multiple options for addressing inadequately supported facts).

The Court may invoke Rule 56(e) here, if it determines that giving Plaintiffs the requested opportunity to add citations to evidence submitted in *Harrison/Roe* is the most appropriate and efficient path forward. And even if Rule 56(e) did not expressly confer the authority to grant leave to amend, this Court could do so pursuant to its inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quotation omitted).

2

## II. Defendants will have an opportunity to respond and are therefore not prejudiced.

Any potential prejudice to Defendants may easily be avoided. As a practical matter, Defendants and their counsel are already well acquainted with the additional facts and citations Plaintiffs seek leave to add, all of which refer to evidence previously submitted in *Harrison/Roe*. *See* ECF 94 at 4. Defendants have been familiar with this evidence for years. *See* Exs. to Mem. in Supp. of Mot. Summ. J., *Harrison* (May 4, 2020), ECF 257-1 to -65.

Even setting aside this working knowledge, Defendants will have an adequate opportunity to address the new facts and evidence. Plaintiffs did not oppose Defendants' request for an indefinite extension of time to file their reply brief in support of their cross-motion for summary judgment, for which a deadline will not even be set until the upcoming hearing on August 25, 2023. ECF 100. Even if the Court were to give Defendants only one week after the August 25 hearing to file their reply brief, Defendants will have had more than four weeks to account for the amended statement of facts in their reply. *See* ECF 94 (Aug. 3, 2023).

Plaintiffs also do not oppose allowing Defendants to treat their reply brief as an opposition brief with respect to the amendments to Plaintiffs' statement of facts, and include evidence they believe will alter this Court's previous determinations that Defendants' justifications for the bars to deployment and commissioning are inadequate. Nor do Plaintiffs oppose giving Defendants a commensurate number of additional pages to properly address the evidence Plaintiffs seek leave to amend.[1] Providing these accommodations—which are also

---

[1] To secure Plaintiffs' consent to Defendants' request for an additional 20 pages to address the issues previously settled by *Harrison/Roe* (*see* ECF 63 at 1–2), Defendants agreed not to oppose a request for additional pages for Plaintiffs' reply. Ultimately, Plaintiffs did not request additional pages. It is therefore unreasonable for Defendants to now oppose Plaintiffs' request for an enlargement of just three pages to amend their statement of undisputed facts (especially after the Court granted Defendants an additional 10 pages for their opposition/memo in support, *see* ECF 64).

supported by Rule 56(e) ("the court may . . . issue any other appropriate order")—in conjunction with granting Plaintiffs' motion to amend should eliminate any possibility of prejudice to Defendants.

## CONCLUSION

Plaintiffs are eager to reach the merits of this case and begin their military service. Nearly ten months have passed since this case was filed, and the Plaintiffs all desired to enter or re-enter military service long before that.  Defendants' suggestion that Plaintiffs should refile their summary judgment motion so the parties can re-brief the issues (Opp. 3–4)—issues Plaintiffs contend are not legitimately disputed—would further prolong this delay.  That said, Plaintiffs will do whatever is required, including (if necessary) refiling their motion for summary judgment, to enable the Court to affirm its previous determinations and reach the only proffered justification that was not settled by *Harrison/Roe*.

The Court should grant Plaintiffs' Motion to Amend the Statement of Undisputed Facts in the Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment.

Dated: August 23, 2023

Kara N. Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Gregory R. Nevins*
GNevins@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030
T: (404) 897-1880

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT A. SCHOETTES, ESQ.
14500 Round Valley Dr.
Sherman Oaks, CA 91403
T: (773) 474-9250

Peter E. Perkowski*
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Respectfully submitted,

/s/*Amandeep S. Sidhu*
Amandeep S. Sidhu
ASidhu@winston.com
Robert T. Vlasis, III*
RVlasis@winston.com
Lauren Gailey*
LGailey@winston.com
Hannah Shankman*
hshankman@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100

David A. Bujarski*
DBujarski@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
T: (713) 651-2600

Bryce Cooper*
BCooper@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600

*Attorneys for Plaintiffs*
**Pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2023, I caused this document to be filed electronically through the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

DATED: August 23, 2023

Kara N. Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Gregory R. Nevins*
GNevins@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030
T: (404) 897-1880

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT A. SCHOETTES, ESQ.
14500 Round Valley Dr.
Sherman Oaks, CA 91403
T: (773) 474-9250


Peter E. Perkowski*
peter@perkowskilegal.com
Perkowski Legal, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Respectfully submitted,

/s/ *Amandeep S. Sidhu*
Amandeep S. Sidhu
ASidhu@winston.com
Robert T. Vlasis, III*
RVlasis@winston.com
Lauren Gailey*
LGailey@winston.com
Hannah Shankman*
HShankman@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000

Bryce Cooper*
BCooper@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600

David A. Bujarski*
DBujarski@winson.com
WINSTON & STRAWN LLP
800 Capitol St. Ste. 2400
Houston, TX 77002
T: (713) 651-2787


*Attorneys for Plaintiffs*
*Pro hac vice